UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPHINE BRYANT                                CIVIL ACTION

VERSUS                                          NO. 24-547-BAJ-RLB

THE LOUISIANA COMMUNITY AND
TECHNICAL COLLEGE SYSTEM, ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Reconsider Order Regarding Striking the Plaintiff's First Amended Complaint ("Motion for Reconsideration"). (R. Doc. 28). The Motion is opposed. (R. Doc. 29).

**I.    Background**

On July 8, 2024, Josephine Bryant ("Plaintiff") commenced this discrimination action against The Louisiana Community and Technical College System ("LCTCS") and Bossier Parish Community College ("BPCC") (collectively, "Defendants"). (R. Doc. 1).

On August 29, 2024, BPCC filed a Motion to Dismiss pursuant to Rule 17(b) and 12(b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 10). Plaintiff opposed this motion. (R. Doc. 19). Plaintiff did not file an amended pleading within twenty-one days of the filing of BPCC's Motion to Dismiss.

On September 27, 2024, LCTCS filed a Motion to Dismiss pursuant to Rule 17(b) and 12(b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 20). Less than a week later, on October 3, 2024, Plaintiff filed a "Consented-To Motion to Amend Complaint" in which she represented, through counsel, that the motion was not opposed. (R. Doc. 22). The Court granted the motion based on this representation. (R. Doc. 23). Defendants then immediately filed a "Motion to Strike Plaintiff's Consented to Motion to Amend Complaint and First Amended

Complaint" based on the representation that Defendants **did not** consent to the amended pleading as written. (R. Doc. 24). Given this representation, the Court granted the Defendants' Motion to Strike, vacated its earlier order granting leave to amend, and struck the amended pleading from the record, informing Plaintiff that should she "again seek consent to amend the complaint, consent shall be obtained in writing, and only after providing a copy of the proposed pleading to opposing counsel." (R. Doc. 27).

On October 4, 2024, rather than seek leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff filed the instant Motion for Reconsideration. (R. Doc. 28). Plaintiff admits that in obtaining the purported "consent" to file the Amended Complaint, "Plaintiff's counsel, by oversight, **failed to mention** that the Amended Complaint also made minor corrections to her factual allegations and [clarified] the scope of relief she is seeking." (R. Doc. 28-1 at 2) (emphasis added). Plaintiff asserts that the Court should reconsider its order striking the Amended Complaint because Plaintiff could have simply filed the Amended Complaint directly into the record pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. Defendants oppose this relief, arguing that Plaintiff has not established grounds for reconsideration because Plaintiff's amendment would be untimely pursuant to Rule 15(a)(1). (R. Doc. 29).

**II.    Law and Analysis**

    **A.    Legal Standards**

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Nevertheless, the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b) [or] 59(e)."

*Burkette v. E. Feliciana Par. Sheriff*, No. 18-996, 2022 WL 16758256, at *2 (M.D. La. Nov. 8, 2022) (citations omitted). Where, as here the motion for reconsideration concerns an interlocutory order, the appropriate standard to apply is found in Rule 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see Burkette*, 2022 WL 16758256, at *2 (applying Rule 54(b) standard to motion for reconsideration of ruling granting a motion to quash); *Cook v. Flight Servs. & Sys., Inc.*, No. 16-15759, 2019 WL 2067640, at *1 (E.D. La. May 10, 2019) (Rule 54(b) standard applies to reconsideration of interlocutory discovery order).

In pertinent part, Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Unlike with a Motion to Alter or Amend a Judgment brought under Rule 59(e), a court considering the Rule 54(b) standard "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citations omitted). While Rule 54(b) affords broad discretion to the court to reconsider and reverse interlocutory orders, this "broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Burkette*, 2022 WL 16758256, at *2 (quoting *Carroll v. SGS Auto. Servs., Inc.*, No. 16-537, 2021 WL 2550278, at *2 (M.D. La. June 22, 2021)).

"Motions for reconsideration are 'extraordinary remed[ies] and should be used sparingly in the interest of finality and conversation of judicial resources.'" *Dixon v. D.R. Horton, Inc. - Gulf Coast*, No. 22-01005, 2023 WL 2486587, at *2 (M.D. La. Feb. 24, 2023) (quoting *Adams v.*

3

*United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 396 (M.D. La. 2020)). "To the point, a motion for reconsideration is generally *not* the vehicle for raising arguments that could have been raised before the entry of the challenged order." *Dixon*, 2023 WL 2486587, at *2 (citing *Adams*, 495 F. Supp. 3d at 396; *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

      **B.**    **Analysis**

Having considered the arguments of the parties, the Court finds no basis to reconsider (or otherwise modify or vacate) the Order striking Plaintiff's Amended Complaint from the record.

As an initial matter, there is no dispute that Plaintiff did not obtain written consent for the filing of the Amended Complaint. Furthermore, nowhere in Plaintiff's prior motion did she set forth the argument, now made, that neither consent nor leave of court was required because Plaintiff could amend as a "matter of course" pursuant to Rule 15(a)(1). The Court granted Plaintiff's motion for leave to amend based on the misrepresentation that the amended pleading, as written, was "consented-to" by the Defendants. The Court finds no basis for vacating its order striking the Amended Pleading form the record given that it was entered based upon a misrepresentation of consent. The Court need not decide, therefore, whether Plaintiff could have filed the Amended Complaint directly into the record pursuant to Rule 15(a)(1). That said, as set forth below, district courts within the Fifth Circuit have concluded that amendment "as a matter of course" would be inappropriate in this instance because Plaintiff failed to timely amend within 21 days of service of BPCC's Motion to Dismiss.

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which responsive pleading is

4

required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), **whichever is earlier**." Fed. R. Civ. P 15(a)(1) (emphasis added). After the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff did not amend as a matter of course within 21 days of service of the Complaint or 21 days of service of BPCC's Motion to Dismiss, the first-filed Rule 12(b) motion to dismiss in this action. Plaintiff has not set forth any decisional law within the Fifth Circuit concluding that, in a multi-defendant lawsuit, a plaintiff may amend as "a matter of course" more than 21 days after the first defendant files a responsive pleading or motion under Rule 12(b), (e), or (f). District courts within this Circuit have held otherwise. *See Est. of Gaines v. FedEx Ground Package Sys., Inc.*, No. 21-617, 2022 WL 894108, at *2 (S.D. Miss. Mar. 25, 2022) (granting motion to strike first amended complaint filed without leave of court more than 21 days from the filing of first motion to dismiss); *Bowling v. Dahlheimer*, No. 48-610, 2019 WL 5880590, at *1-2 (E.D. Tex. Aug. 7, 2019) (affirming magistrate judge's decision on the same grounds); *see also* Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment ("The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."); *Savignac v. Jones Day*, 341 F.R.D. 120, 127 (D.D.C. 2022) ("Rule 15(a)(1)(B) is phrased restrictively, not permissively; it refers to one, unbroken period for amendment as of course that begins with service of the complaint and continues through the service of the first responsive pleading or Rule 12 motion and runs for another 21 days.").

Finally, the Court notes the following: Plaintiff's counsel made a misrepresentation to the Court, and opposing counsel brought it to the Court's attention. (R. Doc. 24). Plaintiff's counsel acknowledges this misrepresentation and attributes it to an oversight. (R. Doc. 28-1 at 2). Rather than explore this issue further and determine the nature of this "oversight," how it resulted in substantive revisions being represented as unopposed, and whether any consequences should be considered,[1] the Court elected to simply return this matter to the status quo. For reasons unclear, Plaintiff's counsel seems intent on revisiting the prior motion.

<u>Plaintiff may seek amendment</u> pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure prior to the November 15, 2024 deadline set by the Scheduling Order. Such a timely request being made for the first time, even if opposed, is typically "freely given," even when a Rule 12 motion may be pending.[2]

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Order Regarding Striking the Plaintiff's First Amended Complaint (R. Doc. 28) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 8, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See In re Grodner*, 14-mc-50-BAJ, R. Doc. 15 (counsel suspended for 60 days for misrepresentation of a motion as unopposed).

[2] Local Civil Rule 12 contemplates that when the "Court grants leave to allow a party to file an amended complaint while a motion to dismiss pursuant to Fed. R. Civ. P. 12 is pending, the Clerk will terminate the pending motion to dismiss without prejudice to the party to refile if grounds exist thereof based upon the allegations contained in the amended complaint."